IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BOBBY DEWAYNE JOHNSON,**

    **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**                                     **Case No. 04-cv-796-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

        Before the Court is petitioner Bobby Johnson's Motion for Issuance of Certificate of Appealability ("COA") (Doc. 21). Johnson plead guilty to the indictment which charged him for possession with intent to distribute in excess of five grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). During sentencing, the Court found by a preponderance of the evidence that Johnson's relevant conduct, revealed through admissions made in his post-arrest statement, amounted to 1.5 kilograms or more of crack cocaine and sentenced him to 210 months of imprisonment, which was the lowest end of the sentencing range. On direct appeal, the Seventh Circuit affirmed the judgment of this Court. ***See United States v. Johnson*, 342 F.3d 731, 736 (7th Cir. 2003)**. Subsequently, Johnson filed a petition pursuant to **28 U.S.C. § 2255**, asking the Court to vacate,

set aside or correct his sentence. The Court denied Johnson's Section 2255 Petition (Doc. 19). *See Johnson v. United States*, **No. 04-796, 2007 WL 1118507 at \*1 (S.D. Ill. Apr. 16, 2007)(Herndon, J.)**. Johnson has since filed a Notice of Appeal (Doc. 22)from the Court's Order denying his Section 2255 Petition. Hence, the Court's present focus on his COA Motion.

When a petitioner is denied **§ 2255** relief by a district court, the final order in that proceeding will be reviewable by the court of appeals only when "a circuit justice of judge issues a certificate of appealability . . . ." **28 U.S.C. § 2253(c)(1)**. Finding that a COA is warranted requires that "the applicant [make] a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**. Under **FEDERAL RULE OF APPELLATE PROCEDURE 22(b)**, when ruling on a Motion for Issuance of a COA, the district judgment who rendered the judgment sought for review on appeal "must either issue a certificate of appealability or state why a certificate should not issue." **FED. R. APP. P. 22(b)**. When the petitioner's Section 2255 Petition has been denied on the merits and not merely for procedural reasons, the Supreme Court has found that "the showing required to satisfy **§ 2253(c)** is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, **529 U.S. 473, 484, 120 S. Ct. 1595 (2000)**; *see also Dalton v. Battaglia*, **402 F.3d 729, 738 (7th Cir. 2005)("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been**

**resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(quoting** *Miller-El v. Cockrell***, 537 U.S. 322, 336123 S. Ct. 1029 (2003)(internal citation omitted))**.

In his Motion for Issuance of COA (Doc. 21), Johnson requests issuance based on the following grounds:

(1) Denial of effective assistance of counsel when counsel failed to object to the incorrect application of the federal sentencing guidelines at the sentencing hearing;

(2) Denial of effective assistance of counsel when counsel failed to object that Johnson's sentence was imposed in violation of the law;

(3) Denial of Sixth Amendment right to jury trial, as recognized in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005);

(4) Denial of right to due process when sentenced under the federal mandatory sentencing guidelines as opposed to the advisory guidelines;

(5) Denial of effective assistance of counsel when counsel failed to object to the use of the federal mandatory sentencing guidelines; and

(6) Sentencing guidelines were calculated in error, resulting in Johnson being sentenced beyond the relevant maximum penalty.

The Court has previously addressed Johnson's third, fourth and sixth grounds for appeal in deciding his Section 2255 Petition (Doc. 19). **See** *Johnson***, 2007 WL 1118507 at \*10-11 (discussing calculation of sentence including Johnson's relevant conduct and application of mandatory versus advisory**

**sentencing guidelines due to non-retroactivity of *Blakely* and *Booker*)**. As the Court found these reasons unavailing and because Johnson has not given substantive reason otherwise, the Court fails to now find that reasonable jurists would differ with its previous conclusion. Grounds one, two and five are all based upon an ineffective assistance of counsel claim. All three grounds, however, relate to counsel's failure to object to the means by which Johnson's sentence was calculated and determined. As those same underlying issues, stated in grounds three, four and six, do not compel issuance of a COA, neither will the Court be compelled to direct issuance of a COA for grounds one, two and five. Even if, arguably, counsel was ineffective for failing to object, the underlying reasons for the objections are without merit, therefore, Johnson would be unable to show prejudice, which is required to prevail on an ineffective assistance of counsel claim. Therefore, the Court remains unconvinced that reasonable jurists would find these grounds "adequate to deserve encouragement to proceed further." ***Dalton*, 402 F.3d at 738**. For these reasons, the Court finds that a COA should not issue as there has been no substantial showing of the denial of a constitutional right.

Accordingly, Johnson's Motion for Issuance of COA (Doc. 21) pursuant to **28 U.S.C. § 2253(c)** is **DENIED**. In accordance with **FEDERAL RULE OF APPELLATE PROCEDURE 22(b)**, the **Clerk of the Court** is hereby **DIRECTED** to send a copy of this Order to the United States Court of Appeals for the Seventh Circuit with Johnson's notice of appeal and the file of the district-court proceedings on his

Section 2255 Petition (Case No. 04-cv-796-DRH). Further, Johnson may now renew his Motion for Issuance of COA with the Seventh Circuit Court of Appeals. **FED. R. APP. P. 22(b)**.

      **IT IS SO ORDERED**.

      Signed this 12th day of June, 2007.

      /s/      David RHerndon
      **United States District Judge**